MILLER, Judge
(dissenting).
Plaintiff’s salesman Neil Calley called on defendant at least three times (over a period of months) in an effort to get defendant to handle its line of Stihl chain saws. On one of the early calls, Calley referred defendant to a list of other dealers to verify the quality of the saws. Defendant checked with at least one other dealer.
On Calley’s last call to defendant (June 30, 1969), Calley placed four Stihl saws in the front display window of defendant’s *42 place of business at 713 MacArthur Drive in Alexandria. Defendant signed and retained a copy of plaintiff’s INVOICE number 5448 which expressly states “Sold to Devill Saw Co. 713 McArthur, Alexandria, La.” Each of the four chain saws was particularly described by serial number. Following the description of the saws Calley wrote “30 day Billing Reg Dis”. Defendant signed below that statement.
Defendant admits his signature and it was established that Calley wrote the phrase indicating that the billing would be in 30 days subject to the regular discount.
The invoice did not set forth the amount charged for each of the four saws, nor the total amount due on the invoice. Defendant expressly denied that he knew the price of these saws when Calley placed them in defendant’s only display window. Defendant’s credibility is impeached on this point because on July 5, 1969, defendant gave the investigating police the serial numbers and the precise cost of each of the stolen saws. This was the exact wholesale cost to defendant of each of the four Stihl saws — not the retail value.
The four Stihl saws were the only items stolen during the July 4th burglary.
On July 7, 1969 defendant telephoned plaintiff’s Malvern, Arkansas office in an attempt to speak to the salesman Calley. Calley was not there. Defendant did not leave a message that the saws had been stolen, and did not notify plaintiff for two months that the saws had been stolen.
On July 10, 1969, defendant received through the mail a copy of INVOICE number 5448 which he had previously signed. This copy was identical to the copy retained by defendant when the saws were placed in his display window on June 30, 1969, except that the exact prices and discounts were carried forward. This price was identical to the price given by defendant to the investigating officers on July 5, 1969.
It is difficult to reverse a trial judge on credibility. It is apparent that the trial judge believed defendant and disbelieved Calley. But there is nothing in the record to contradict Calley’s testimony. Defendant admits his signature on the invoice, but contends that he did not purchase the saws. He argues that he did not know the price.
The record is uniformly to the contrary. The invoice states that the saws were “Sold to” defendant, and it was established that defendant knew his cost.
Defendant did not explain why these four saws were on display in his only display window from June 30, 1969 until they were stolen about 4 a. m. on July 5, 1969.
The trial court’s holding that “defendant was a gratuitous bailee” which is here affirmed is in error. LSA-C.C. Art. 1773 provides:
“To be gratuitous, the object of a contract must be to benefit the person with whom it is made, without any profit or advantage, received or promised as a consideration for it. * * * ”
If defendant received no other benefit, the display itself would attract some interest in defendant’s power saw business. This was of some advantage to him. Furthermore, I have no doubt that had a prospective buyer offered to purchase these saws on the afternoon of June 30, 1969, defendant could and would have sold and delivered them at that time. That he knew his cost was established without doubt.
I respectfully dissent.